Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 1640 | **DATE** | 7/16/2002 |
| **CASE TITLE** | SVEC vs. Board of Trustees | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached Memorandum Opinion and Order, the Court grants defendant's motion to dismiss, but also grants the plaintiff leave to file an amended complaint on or before 7/30/02. If plaintiff fails to do so, the dismissal will become a final judgment. Status hearing set to 8/19/02 at 9:30 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | JUL 2 2 2002 date docketed | | |
| ✓ | Docketing to mail notices. | | | 8 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT CLERK | | |
| OR | courtroom deputy's initials | 02 JUL 19 AM 11:34 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANNE SVEC, | ) | |
| | ) | |
| Plaintiff, | ) | No. 02 C 1640 |
| | ) | |
| v. | ) | |
| | ) | |
| BOARD OF TRUSTEES OF | ) | |
| TEAMSTERS LOCAL UNION NO. 727 | ) | |
| PENSION FUND and WILLIAM COLI, | ) | |
| Fund Manager, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Anne Svec has filed a complaint under section 502(a)(1)(B) of ERISA, 29 U.S.C. §§ 1132 (a)(1)(B), against the Board of Trustees of Teamsters Local Union No. 727 Pension Fund and William Coli, the Fund's manager, seeking an award of pension benefits. Defendants have moved to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(6). For the reasons stated below, the Court grants the motion to dismiss but also grants Svec leave to amend her complaint.

### Facts

Anne Svec is the widow of Elmer Svec, who was a licensed funeral director, embalmer, and chauffeur, and a member of Local No. 727 from January 7, 1942 until his death in 1987. Elmer Svec was an employee of James J. Svec & Sons Funeral Home and had not retired when he died. Anne Svec alleges that Elmer paid union dues for the duration of his membership in Local No. 727, that as a member of the Local he was entitled to a pension, that she is the

designated beneficiary of his pension, and that neither she nor Elmer ever received any pension benefits. Svec filed this lawsuit on March 6, 2002.

Defendants have moved to dismiss Svec's claim, arguing that it is barred by the statute of limitations. They contend that the statute had expired before Svec ever applied for benefits. Defendants argue alternatively that the doctrine of laches bars Svec's claim. Finally, Coli has moved to dismiss the claims against him, arguing that he is not a proper defendant in an action under ERISA to recover pension benefits.

**Discussion**

**A.     Statute of Limitations**

Defendants argue that Svec's claim is time-barred because the ten-year statue of limitations that applies to claims under §1132 (a)(1)(B), *see Daill v. Sheet Metal Workers Local 73 Pension Fund*, 100 F.3d 62, 65 (7th Cir. 1996); *Jenkins v. Local 705, International Brotherhood of Teamsters Pension Plan*, 713 F.2d 247, 253 (7th Cir. 1983), began to run in 1987 upon Elmer Svec's death. Defendants further argue that if Svec had exercised due diligence in determining whether she was entitled to any pension benefits, she would have learned of the Fund's position regarding her entitlement prior to the end of the statue of limitations.

A plaintiff's failure to plead in her complaint facts demonstrating the timeliness of the suit does not entitle a defendant to the dismissal of the suit for failure to state a claim. "The statue of limitations is an affirmative defense, and a plaintiff is not required to negate an affirmative defense in his complaint." *Tregenza v. Great American Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993).

On the other hand, "if the plaintiff pleads facts that show that his suit is time-barred or

2

otherwise without merit, he has pleaded himself out of court." *Tregenza,* 12 F.3d at 718. The statute of limitations in ERISA cases ordinarily runs from the date the plaintiff's claim for benefits is denied. *Daill,* 100 F.3d at 65. But Svec's complaint says nothing about the date on which she claimed or was denied benefits – indeed her complaint does not even say that she made an application. Thus the only date we have to go by is 1987, the year Elmer died. Svec did not file this suit until 15 years had passed after Elmer's death. Based on these allegations, Svec's complaint is time-barred. The Court therefore grants defendants' motion to dismiss. We will, however, give Svec leave to amend her complaint to attempt to cure the deficiency. "[U]nder Rule 15(a) of the Federal Rules of Civil Procedure, the district court may grant leave to amend pleadings and such leave shall be freely given when justice so requires." *Larkin v. Galloway,* 266 F.3d 718, 722 (7th Cir. 2001).

Defendants' motion indicates that Svec made a claim for benefits in 1998, eleven years after Elmer's death; defendants argue that because the claim was made so late, the ordinary rule providing that the statute of limitations runs from the date the claim was denied should not apply. We do not address that argument at this time because it is based on facts that are outside the scope of Svec's complaint (which, as we have noted, makes no mention of an application or denial). But if and when Svec amends her complaint, she should include allegations providing the dates of her application for benefits and the denial, and setting forth why no earlier application was made.

**B.   Laches**

Defendants also argue that Svec's claim is barred by the doctrine of laches. Specifically, they argue that they are unfairly prejudiced by the fifteen year time lapse between the death of

3

Elmer Svec in 1987 and the filing of this lawsuit. We address this issue briefly in anticipation of Svec's filing of an amended complaint.

"Laches consists of two elements: (1) a lack of diligence by the plaintiff, and (2) prejudice resulting from the delay. Under this two-prong approach, the plaintiff bears the burden of explaining his delay in bringing suit. If the delay is inexcusable, then the defendant must show prejudice." *Zelany v. Lyng,* 853 F.2d 540, 541 (7th Cir. 1988). Because the Fund, to succeed on its laches defense, must show that it suffered harm from the claimed undue delay, the issue is not one that can be dealt with in a motion to dismiss under Rule 12(b)(6). Thus, if the Fund chooses to raise the issue in the future, it should do so as part of a motion for summary judgment under Rule 56.

### C. Claim against Fund manager

Defendant Coli, the Fund's manager, argues that he is not a proper defendant in this case. The Court agrees that Svec's complaint does not set forth a proper basis for a claim against Coli individually. The proper defendant in a claim for pension benefits under ERISA is the plan itself. *See Mein v. Carus Corp.,* 241 F.3d 581, 584 (7th Cir. 2001). The claim against Coli is therefore dismissed.

### Conclusion

For the foregoing reasons, the Court grants defendant's motion to dismiss, but also grants the plaintiff leave to file an amended complaint on or before July 30, 2001. If plaintiff fails to do so, the dismissal will become a final judgment.

Date: July 16, 2002

MATTHEW F. KENNELLY
United States District Judge

4